IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD JAMES MOSBY, JR. ) | |
| ) | Civil Action No. 12-543 |
| Plaintiff, ) | |
| ) | Magistrate Judge Cynthia Reed Eddy |
| v. ) | |
| ) | |
| OFFICER ZUCHER; ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

The Complaint in the above-captioned case is hereby dismissed based upon Plaintiff's failure to prosecute this action. [1]

This action was initiated by the Plaintiff on April 25, 2012. On September 7, 2012, Defendants filed an Amended Motion to Dismiss. (ECF No. 22). Plaintiff was ordered to file a response on or before October 10, 2012. The Plaintiff failed to file a response. On October 23, 2012, the Court entered an Order to Show Cause allowing the Plaintiff until November 16, 2012 to file a response to the amended Motion to Dismiss. The Plaintiff failed to do so. On November 20, 2012, the Plaintiff filed a Motion for an Extension of Time to Respond. The Court granted the request and ordered the Plaintiff to file a response to the Amended Motion to Dismiss by December 21, 2012. The Court warned the Plaintiff that failure to file a response would result in dismissal of the action for failure to prosecute.

To date, Plaintiff has not filed a response to Defendants' Amended Motion to Dismiss, a motion for an extension for time within which to do so, or had any further communications with the Court.

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 4 and 21. *See also* 28 U.S.C. § 636(c)(1).

1

This case has been lingering solely through the fault of the Plaintiff and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of pro se prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights

action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id.* at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to a dispositive motion, including a summary judgment motion, provides a basis for dismissing an action for failure to prosecute. *See* Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

    (1)    extent of the party's personal responsibility;

    (2)    prejudice to the adversary;

    (3)    a history of dilatoriness;

    (4)    whether the conduct of the party or the attorney was willful or in bad faith;

  (5)  effectiveness of sanctions other than dismissal; and

  (6)  meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the plaintiff is proceeding *pro se*. The defendants filed an Amended Motion to Dismiss on September 7, 2012. The Court informed Plaintiff of his obligation to respond and allowed him a month to respond. Six weeks later, when Plaintiff failed to respond, the Court allowed him an additional three weeks to respond. A month later, the Court granted the Plaintiff's request for an additional month to respond, extending the response date to December 21, 2012. Plaintiff has yet to respond to the motion. Thus, Plaintiff is solely responsible for his failure to respond. Secondly, Plaintiff has prejudiced Defendants since his failure to respond has made it difficult for this Court to determine whether there are any genuine issues of material fact. Plaintiff's complaint forced Defendants to retain attorneys and expend time and energy to resolve this matter. By failing to respond to the Defendants' motion, a decision on this matter has been unduly delayed.

4

Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's repeated orders to respond to Defendants' motion. This is sufficient evidence to conclude that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the Court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer Defendants' motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. Finally, it does not appear that Plaintiff's Amended Complaint has any merit. At least five of the six Poulis factors weigh heavily in favor of dismissal.

AND NOW, this 20th day of February, 2013;

IT IS HEREBY ORDERED that Defendants' Amended Motion to Dismiss (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court mark this case CLOSED.

AND IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure, if he so desires.

Cynthia Reed Eddy
U.S. Magistrate Judge

Dated: February 20, 2013

cc: **Howard James Mosby, Jr.**
DOC & POD # 698
950 Second Avenue
Pittsburgh, PA  15219-3100

5